Representative Arnell WILLIS *v.* Jack CRUMBLY,
The St. Francis County Election Commission, Frederick Freeman, Chair; Maceo Hawkins, Chris Oswalt, All in Their Official Capacities as Members of the St. Francis County Election Commission

06-1147                                                241 S.W.3d 269

Supreme Court of Arkansas
Opinion delivered October 13, 2006

*Easley & Houseal, P.A.*, by: *B. Michael Easley*, for appellant.

*Robin Carroll*, for appellee St. Francis County Election Commission.

*Fletcher Long, Jr.*, for appellee Frederick Freeman.

*James Leon Johnson*, for appellee Jack Crumbly.

PER CURIAM. This case is an appeal by Arnell Willis from an October 4, 2006, order of the St. Francis Circuit Court dismissing Willis's challenge to the results from the June 13, 2006, runoff election for Arkansas's Senate District 16 race. Willis filed a timely appeal from the lower court's decision, and in accordance with Arkansas's statutes, common law, and this court's rules, Willis requested expedited consideration of this appeal.

Because this election matter must be decided before the November 7, 2006, General Election in order to determine a winner in the Primary and General Elections, we granted Willis's request for expedited consideration and ordered simultaneous briefs on or before October 16, 2006, with simultaneous reply briefs due by October 23, 2006. This schedule was intended to allow this court to fully consider this election contest, so the winning candidates can be determined in the Primary and General Elections. This also permits the time (if necessary) for election officials to take whatever appropriate action is necessary to count ballots and certify the winning candidate for the District 16 race.

In the instant motion, counsel for Willis has apprised this court of a conflict between the scheduled oral argument of this case and a trial that is scheduled to begin in federal district court before Hon. J. Leon Holmes on October 23, 2006. Although we would like to accommodate all parties with a different schedule, our election laws give this court limited authority to do so. Our failure to act and decide this election case in advance of the General Election could render the issues in this case moot.

We can suggest two possibilities. One, considering the importance of the issue to be decided, our court has granted oral argument in this matter. Counsel could withdraw the request for oral argument if such actions would remove the conflict in

scheduling. Two, we see that Judge Holmes's letter to counsel provides, *"unless your election contest must be decided before the General Election on November 7th,* I would ask that you request that the Supreme Court of Arkansas postpone the oral argument for one week." Judge Holmes's letter reflects his knowledge of Arkansas's election laws, and foresees that many election challenges *must* be concluded before the regular or special elections involved. That situation is the one present before us in this case. Any delay in this court's briefing schedule could cause the appeal to become moot and be dismissed.

Because the nature of this appeal makes it necessary to render a decision prior to the November 7, 2006, General Election, we must deny Willis's motion requesting that oral argument be rescheduled for November 2, 2006.